HUBERT D. WILKINSON v. STATE.

214 N. W. 2d 670.

January 11, 1974—No. 44174.

*Hubert D. Wilkinson,* pro se, for appellant.

*Warren Spannaus,* Attorney General, *Curtis D. Forslund,* Solicitor General, and *Gilbert S. Buffington,* Special Assistant Attorney General, for respondent.

PER CURIAM.

Petitioner, now incarcerated at the state prison pursuant to a judgment of conviction based on a guilty plea, appeals from the district court's order denying his petition for a writ of mandamus requiring that he be furnished, at no expense to him, (a) a copy of the preliminary hearing transcript in the aggravated assault case which resulted in his confinement, and (b) a copy of the pleadings and transcripts of proceedings in the civil tort case brought by the victim of his assault.

After the district court accepted petitioner's guilty plea to the assault charge and sentenced him, the victim of the assault filed suit against petitioner for damages. Thereafter, petitioner's attorney negotiated a settlement, but petitioner refused to agree to this settlement. Apparently fearing that proceeding to trial would jeopardize all of petitioner's assets and unable to convince petitioner to accept the proposed settlement, the attorney, who was also the guardian of petitioner's estate, petitioned the probate court and obtained an order requiring settlement and authorizing the sale of certain securities owned by petitioner to raise the necessary money.

In his petition for a writ of mandamus, petitioner alleged that he pleaded guilty to the charge of assault without knowing that he thereafter could be held liable in a civil suit brought against him. Although the petition is not entirely clear, it appears that petitioner wants the transcripts and documents so that he can consider taking whatever action he deems necessary with respect to either his criminal conviction or the appointment of guardian and settlement of the civil suit.

We need not decide whether the state would have any obligation to furnish petitioner with any of the copies he requests because it appears that petitioner is not an indigent and that in fact he has assets totaling over $35,000 against which the tort-action settlement is not a liability. Although these assets may be under the control of a guardian, that fact in no way creates an obligation on the state's part to pay for the requested copies. Accordingly, the district court correctly denied the petition.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at

at the time of the submission, took no part in the consideration or decision of this case.

MR. JUSTICE SCOTT took no part in the consideration or decision of this case.